# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| TY B EASTMAN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:19-cv-00416-NT |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) In response to Petitioner's request, the State asked the Court to dismiss the petition without prejudice based on Petitioner's failure to exhaust his state court remedy. Following a review of the parties' filings and the record, I recommend the Court grant the State's request and dismiss the petition without prejudice.

### FACTUAL BACKGROUND

On November 28, 2017, after Petitioner pled guilty to a burglary charge, the state court sentenced Petitioner to a four-year period of imprisonment, with all but nine months and one day suspended, to be followed by three years of probation. (State court docket at 5 – 6, ECF No. 6-1.) Petitioner did not appeal from his conviction or sentence. Following his release from prison, the state has moved to revoke Petitioner's probation on more than one occasion. A hearing on the most recent motion is scheduled for January 8, 2020. (State court docket at 14.) On September 9, 2019, the same date Petitioner commenced this

action, Petitioner filed in state court a request for post-conviction review of his original conviction. (State court docket at 15-22.)

## DISCUSSION

Title 28 U.S.C. § 2254(b) and (c) provide:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
>     **(B) (i)** there is an absence of available State corrective process; or
>
>         **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

As the statute reflects, "a state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court. § 2254(b)(1)(A). The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, --- U.S. ---, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Here, the record plainly establishes that Petitioner has not exhausted the available state court remedies for any of the claims he asserts in this action. In fact, Petitioner has a pending state court post-conviction review petition in which he challenges the state court conviction that is the subject of this action. The state court remedies, therefore, are unexhausted. Because Petitioner has not exhausted the available state court remedies for any of the asserted claims, dismissal is warranted. *See Adelson v. Dipaola*, 131 F.3d 259 (1st Cir. 1997).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss without prejudice Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 7th day of November, 2019.

/s/ John C. Nivison
U.S. Magistrate Judge